Douglas E. Dexter (State Bar No. 115868)
ddexter@fbm.com
Rebecca Stephens (State Bar No. 299234)
rstephens@fbm.com
Vanessa K. Ing (State Bar No. 329577)
ving@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant AMAZON.COM SERVICES LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JADIAN ALTEMUS, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company; and Does 1-25,<br><br>        Defendants. | Case No. **'22CV1275 AJB  RBB**<br><br>**DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**<br><br>[SAN DIEGO COUNTY SUPERIOR COURT, CASE NO. 37-2022-00026212-CU-WT-CTL]<br><br>Date Action Filed: July 5. 2022 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF JADIAN ALTEMUS:

PLEASE TAKE NOTICE that Defendant Amazon.com Services LLC ("Amazon"), pursuant to 28 U.S.C. § 1441(b), hereby removes the above-entitled action to this Court from the Superior Court of the State of California in and for the County of San Diego.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On July 5, 2022, Plaintiff Jadian Altemus ("Plaintiff") filed a civil complaint in the Superior Court of the State of California, County of San Diego, entitled *Jadian Altemus v. Amazon.com Services, et al.*, Case No. 37-2022-00026212-CU-

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

42332\14997928.1

WT-CTL. A true and correct copy of the Complaint, together with its Summons, Civil Case Cover Sheet, and Notice of Case Assignment is attached as **Exhibit A** (hereinafter the "Complaint").

In his Complaint, Plaintiff alleges nine causes of action against Amazon: (1) Discrimination Based on Veteran Status, Disability, Age, and/or Race, (2) Whistleblower Retaliation, (3) Retaliation Based on Veteran Status, Disability, Age, and/or Race, (4) Failure to Prevent Discrimination and Retaliation, (5) Retaliation Based on Exercise of Employee Rights, (6) Failure to Provide a Reasonable Accommodation, (7) Wrongful Termination in Violation of Public Policy, (8) Unlawful Business Practices, and (9) Intentional Infliction of Emotional Distress. *See* **Exh. A.** Plaintiff seeks general and special damages, statutory damages, injunctive relief, civil penalties, pre- and post-judgment interest, and attorneys' fees. *See* **Exh. A** at 21.

Service on Defendant was effectuated on July 29, 2022. On August 26, 2022, Defendant answered Plaintiff's Complaint in state court and served a copy on Plaintiff's counsel. *See* **Exh. B** (Amazon.com Services LLC's Answer to Plaintiff Jadian Altemus's Unverified Complaint).

## II.    THE NOTICE OF REMOVAL IS TIMELY

This Notice of Removal has been timely filed within thirty (30) days after "service on that defendant of the initial pleading." *See* 28 U.S. §1446(b)(2).

## III.    THIS COURT HAS DIVERSITY JURISDICTION

This case is removable because this Court has original jurisdiction based on the parties' diversity of citizenship. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, and is between . . . citizens of different States[.]"). First, Plaintiff and Amazon are citizens of different states. Plaintiff's Complaint alleges that he resides in the County of San Diego in California and that he has lived in that county at all relevant times. *See* **Exh. A** at ¶ 3.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

2

42332\14997928.1

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. 1441(b)

Amazon.com Services LLC is not a citizen of California. For purposes of diversity jurisdiction, "a limited liability corporation is a citizen of all of the states of which its owners/members are citizens." *Lindley Contours LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011) (citation omitted). At all times relevant to this action, Amazon.com Services LLC's corporate headquarters and principal place of business has been in Seattle, Washington, and Amazon.com Services LLC is now and has been organized under the laws of the State of Delaware. *See* **Exh. C** (California Secretary of State Statement of Information for Amazon.com Services LLC listing principal office in Seattle, Washington and organized under Delaware law). Amazon.com Services LLC's only member is Amazon.com Sales, Inc., which is a Delaware corporation with its corporate headquarters and principal place of business in Washington. *See* **Exh. D** (Washington Secretary of State Annual Report for Amazon.com Sales, Inc. listing principal office in Seattle, Washington and incorporation in Delaware). Thus, diversity of citizenship exists.

In addition, the amount in controversy exceeds $75,000. Though Amazon denies that Plaintiff is entitled to any damages, Plaintiff seeks general damages, compensatory damages, statutory damages, attorneys' fees, and more. *See* **Exh. A** at 21. Indeed, while Defendant disputes the veracity and scope of Plaintiff's allegations, there is no doubt that the potential lost wages, emotional damages, and attorneys' fees arising from his claims exceed the amount in controversy threshold. California federal courts have routinely found that the amount-in-controversy requirement is satisfied in cases where, as here, employees seek compensatory damages from lost earnings to the date of trial (**Exh. A** at ¶ 46), future lost earnings to the date of retirement (*id.*), fringe employment benefits (*id.*), other foreseeable out-of-pocket expenses incurred in seeking substitute employment (*id.*), or wages (*id.* at ¶¶ 30, 32, 34, 36, 38, 103). *See*, *e.g.*, *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 215CV04035CASJEMX, 2015 WL 4554336, at *2 (C.D. Cal. Jul. 27, 2015) (where

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

42332\14997928.1

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. 1441(b)

lost wages at time of removal were approximately $18,720); *Oganesyan v. AT & T Mobility Servs., LLC*, No. 2:14-CV-05184-ODW, 2014 WL 4665272, at \*2 (C.D. Cal. Sept. 18, 2014) (amount in controversy met where employee with $32,630.00 annual salary pled wrongful discharge); *Hudson v. Bank of Am. Corp.*, No. 3:17-cv-01479-CAB-(KSC), 2017 WL 5411123, at \*4 (S.D. Cal. Nov. 14, 2017) (where lost wages at time of removal were approximately $54,155.83 and a front pay award of one to three years totaled at least $49,900). Even where the amount in controversy is not identified with specificity in the complaint, "in light of litigation realities, it is facially apparent that the amount in controversy likely exceed[s] the $75,000 amount in controversy requirement" where a plaintiff seeks monetary damages for wrongful termination, compensatory damages for loss of pay, fringe benefits, emotional distress, and attorneys' fees. *Jellinek v. Adv. Prods. & Sys., Inc.*, No. 10CV1226 JM(WMC), 2010 WL 3385998, at \*2 (S.D. Cal. Aug. 24, 2010).

Here, Plaintiff's potential lost wages through the date of this filing, based on his regular hourly wage of $32.93 for full-time employment, total approximately $48,736.[1] Exh. A at ¶ 9. This amount does not include the value of Plaintiff's alleged lost benefits or interest, and Plaintiff's alleged compensatory damages will continue to accrue so that by trial, the amount in controversy will have increased substantially (though Defendant disputes that Plaintiff is entitled to any damages).

California federal courts also consistently find that a prayer for emotional distress damages, punitive damages, and attorneys' fees in employment discrimination cases satisfies the amount in controversy requirement. *See, e.g.*, *Vasquez v. Arvato Dig. Servs., LLC*, No. CV 1-02836 RSWL (AJWx), 2011 WL 2560261, at \*3 (C.D. Cal. Jun. 27, 2011) (disability discrimination case where lost

---

[1] As of the date Plaintiff alleges he was terminated (December 10, 2021), Plaintiff was earning $32.93 an hour (annualized to $68,494.40 based on 2,080 hours per year), and working full-time. *See* **Exh. A** at ¶ 9. Plaintiff would therefore calculate lost wages in the eight months between December 10, 2021 and the date of filing to be approximately $48,736.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

4

42332\14997928.1

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. 1441(b)

wages were around $25,000, but the addition of attorney's fees and emotional distress damages suggested that the amount in controversy would exceed $75,000); *see also Winters v. Aimco/Bethesda Holdings Inc.*, 2018 WL 6567113, at *2 (S.D. Cal. Dec. 13, 2018) ("[A] court must include future attorneys' fees recoverable by statute … when assessing whether the amount in controversy requirement is met.") (quoting *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018)). Thus, removal is proper based on this Court's diversity jurisdiction.

## IV.   VENUE IS PROPER IN THIS COURT

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This Court embraces the Superior Court of the State of California for the County of San Diego, which is where Plaintiff's Complaint was originally filed. Accordingly, this Court is the appropriate court to which to remove this action.

## V.   NOTICE OF REMOVAL

Amazon will promptly provide written notice of this Notice of Removal to Plaintiff, and will also file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Diego.

## VI.   CONCLUSION

As detailed above, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Having fulfilled all statutory requirements, Amazon removes this action from the Superior Court of California, County of San Diego to this Court, and requests that this Court assume full jurisdiction over this matter as provided by law.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

5

42332\14997928.1

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. 1441(b)

Dated:  August 29, 2022                FARELLA BRAUN + MARTEL LLP


By:        /s/ Douglas E. Dexter
          Douglas E. Dexter

Attorneys for Defendant AMAZON.COM
SERVICES LLC

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

6                                    42332\14997928.1

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. 1441(b)