UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JADIAN ALTEMUS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC,<br><br>　　　　　　　　　　　Defendant. | Case No.: 22-cv-01275-DMS-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL, AND**<br><br>**(2) GRANTING DEFENDANT'S MOTION TO SEAL**<br><br>**[ECF 21, 23]** |

　　　　The parties placed a joint call to Chambers on June 23, 2023, with a discovery dispute regarding requests by Jadian Altemus, Plaintiff, to enter and inspect three distribution facilities of Amazon.com Services LLC, Defendant, which are in San Diego County, under Federal Rule of Civil Procedure 34.  (*See* ECF 20.)  Plaintiff had worked at the facilities for just over a year.  (Altemus Decl., ECF 21-3.)  According to Defendant, Plaintiff seeks to provide five individuals with photographic, video, and other imaging equipment "unfettered access to a large warehouse employing hundreds [sic] conveyer belts, vehicles, and other machinery actively sorting, packing, and shipping thousands of consumer products in a process unique to Amazon."  (ECF 22 at 5.)

In accordance with the Court's instruction, on June 30, 2023, and July 7, 2023, the parties filed briefs regarding the dispute. (*See* ECF 20, 21, 23.) Defendant has also filed a motion to seal medical records of Plaintiff that were provided to Defendant, medical records that have been attached as Exhibit B to the Declaration of Vanessa K. Ing in Support of Defendant's Opposition. (ECF 23.) For the following reasons, Plaintiff's motion is **GRANTED IN PART** and Defendant's motion is **GRANTED**.

## I. DEFENDANT'S MOTION TO SEAL

Parties seeking to seal documents in a non-dispositive motion must show "a lesser particularized showing under the good cause standard pursuant to Federal Rule of Civil Procedure 26(c)." *Bovier v. Bridgepoint Ed./Ashford Univ.*, No. 3:17-cv-01052-GPC-JMA, 2018 WL 11411260, *1 (S.D. Cal. June 27, 2018). A request to seal documents in a dispositive motion requires that parties meet "the high threshold requiring compelling reasons with specific factual findings to support a sealing." *Id.* The Rule 34 motion at issue here is not case-dispositive. Thus, the good cause standard applies to the motion to seal. Because courts have held that "the need to protect medical privacy has qualified as a compelling reason for sealing records," *id.* at 2, the need to protect Plaintiff's medical records in this case meets the lower, good cause, standard. Defendant's motion to seal is **GRANTED**.

## II. PLAINTIFF'S MOTION TO COMPEL

### A. LEGAL STANDARDS

"A party may serve on any other party a request within the scope of Rule 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). The request "must describe with reasonable particularity each item or category of items to be inspected," "must specify a reasonable time, place, and manner for the inspection and for performing the related acts," and "may specify the form or forms in

which electronically stored information is to be produced." Fed. R. Civ. P. 34(b)(1). Under Federal Rule of Civil Procedure 26(b),

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "'Since entry upon a party's premises may entail greater burdens and risks than mere production of documents, a greater inquiry into the necessity for inspection would seem warranted.'" *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 655, 659 (C.D. Cal. May 18, 2002) (quoting *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978) (granting a motion for an on-site inspection of a school after reasoning that the inspection would enhance understanding of that school as compared to a public school, which was relevant to the plaintiff's allegations). "A Rule 34 request for 'unrestricted access' to a party's 'corporate headquarters' is 'overly broad on its face.'" *Skazzi3 Capital Ltd. v. Pathway Genomics Corp.*, No. 18cv317-BEN(KSC), 2020 WL 1048893, *3 (S.D. Cal. Mar. 3, 2020) (quoting *Schwab v. Wyndham Int'l, Inc.*, 225 F.R.D. 538-539 (N.D. Tex. 2005)). "A party may videotape his site inspection, if the benefit of the videotape to the inspecting party outweighs the burden on the inspected party." *Soler v. Cty. of San Diego*, No. 14cv2470-MMA (RBB), 2016 WL 3460255, *4 (S.D. Cal. June 24, 2016) (holding that the plaintiff was permitted to take still photography during the site inspection but could not make audio or video recordings of the inspection).

### B. PARTIES' ARGUMENTS

Plaintiff requested the inspections for two reasons: (1) because they would "collect evidence necessary to clearly demonstrate to the jury the myriad technical essential functions of Plaintiff's job that he was at all times able to perform the [sic] functions, with

or without accommodations," and (2) because the requests were "likely to yield evidence that will aid the jury to assessing the nature and validity of the numerous health and safety complaints that Plaintiff submitted to his manager . . . ." (Guha Decl., ECF 21-2 at 3.)

Plaintiff asserts nine claims in his complaint, including in relevant part, claims for Failure to Provide a Reasonable Accommodation and Whistleblower Retaliation. (*See* ECF 1-2 at 2, 6-7, 10-11, 19-20.) Plaintiff's allegations include, in relevant part, that Defendant instituted a No-Sitting Rule, and then informed Plaintiff that Defendant would be unable to accommodate Plaintiff's request for a disability accommodation because Plaintiff often had to sit and would need to continue to sit occasionally while working. (*Id.* at 6.) Plaintiff's Whistleblower Retaliation claim alleges that the California Labor Code prohibits an employer from retaliating against an employee who has disclosed information regarding noncompliance with federal, state, or local statutes or regulations. (*Id.* at 11.)

Plaintiff emphasizes that site inspections are necessary because he "is the only person who knows the exact locations where he worked and the safety violations he reported." (ECF 21-1 at 5.) For that reason, Defendant's offer to provide a job description of Plaintiff's position is inadequate to show what Plaintiff's job duties were. (*Id.* at 2.) According to Plaintiff, he had job duties not listed on the job description for his position, and he often worked on his own and unsupervised. (*Id.*) Plaintiff also argues that he is the only person who can identify the location of the dangerous conditions he reported during the months before his termination. (*Id.*)

Defendant responds that Plaintiff's site inspection requests do not meet the requirements of Rule 26. Defendant argues that Plaintiff has emphasized two of his claims in arguing that the site inspections are relevant—accommodation and retaliation. (ECF 22 at 3.) Defendant argues that Plaintiff's "comprehensive presentation regarding his unique and varied work duties," is not relevant to either claim. (*Id.*)

First, Defendant states that a failure to accommodate claim requires that Plaintiff suffered a disability, that he was able to perform all essential functions of the job with or without a reasonable accommodation, and that Defendant failed to reasonably

4

accommodate his restrictions. (*Id.*) Defendant then cites the job description for Plaintiff's job, which required that Plaintiff stand and walk during shifts lasting up to 12 hours. (*Id.* at 3-4.) Defendant cites a medical record stating that Plaintiff cannot walk or stand more than four hours a day or lift more than 30 pounds. (*Id.* at 4.) Defendant then alludes to Plaintiff not being able to perform an essential part of his job, which, according to Defendant, is walking and standing throughout 10-to-12-hour shifts. (*Id.*)

Next, Defendant states that a retaliation claim requires that Plaintiff engaged in protected complaints that caused his termination. (*Id.*) Defendant argues that Plaintiff's complaint does not allege complaints about unsafe equipment at Amazon facilities, and that Plaintiff's motion belatedly asserts that he reported a variety of safety hazards to Defendant.[1] (*Id.*)

Defendant also argues that five people accessing three facilities to photograph, take video of, and scan with 3D of areas at the three sites is not necessary to provide a visual representation of the equipment at issue. (*Id.* at 5.) Defendant has offered to provide Plaintiff with floor maps of the facilities and photographs and diagrams of the equipment. (*Id.*) Defendant argues that permitting the site inspections would pose a significant risk to operations, safety, and proprietary information. (*Id.*)

**C. ANALYSIS AND CONCLUSION**

The Court agrees with Plaintiff that information Plaintiff's Rule 34 requests seek in relation to his Failure to Provide a Reasonable Accommodation claim is relevant under Rule 26 as a foundational issue to this claim. In addition, because Plaintiff has argued that (1) he had job duties not listed on the job description for his position, and (2) he often worked on his own and unsupervised, the production of photographs and diagrams by

---

[1] Plaintiff's Whistleblower Retaliation claim alleges that the Labor Code prohibits retaliation against an employee regarding disclosure of information about "noncompliance with or violation of federal, state, or local statutes or regulations." (Compl. ¶ 52, ECF 1-2 at 10-11.)

Defendant cannot show the locations Plaintiff worked. Plaintiff must be permitted to personally enter the sites.

The Court also agrees with Plaintiff that information Plaintiff's Rule 34 requests seek in relation to his Whistleblower Retaliation claim is relevant under Rule 26 to show the safety hazards he allegedly reported to his supervisor. However, "a plaintiff seeking discovery cannot rely upon vague or conclusory allegations in its complaint as a basis for a motion to compel." *Valenzuela v. City of Calexico*, No. 14-cv-481-BAS-PCL, 2015 WL 2184304, *3 (S.D. Cal. May 11, 2015) (denying a motion to compel discovery based on conclusory allegations in support of claims that were merely a "formulaic recitation of the elements" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiff's Whistleblower Retaliation claim does not allege that Plaintiff reported unsafe equipment at Defendant's facilities. (*See* Compl., ECF 1-2.) Plaintiff's Whistleblower Retaliation claim contains only "[t]hreadbare recitals of the elements of a cause of action," *Iqbal*, 556 U.S. at 681, including that the Labor Code prohibits retaliation against an employee regarding disclosure of information about "noncompliance with or violation of federal, state, or local statutes or regulations." (*See* Compl. ¶ 52, ECF 1-2 at 10-11.)

Notwithstanding, district courts enjoy broad discretion in controlling discovery. *See Surfvivor Media, Inc. v. Survivor Prods.,* 406 F.3d 625, 635 (9th Cir. 2005). District courts also have broad discretion to determine relevancy for discovery purposes. *Id.* The Court finds that the requested discovery is relevant to Plaintiff's Whistleblower Retaliation claim and therefore will allow the site inspection, but with limitations.

The Court agrees with Defendant that giving unfettered access to the three facilities to photograph, take video of, and scan with 3D is not necessary to provide a visual representation of the locations where Plaintiff worked and the equipment, and places a significant burden on Defendant by potential risks to operations, safety, and proprietary information. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery . . . that is . . . proportional to the needs of the case, considering . . . whether the burden or expense of the proposed discovery outweighs its likely benefit.").

Thus, Plaintiff's motion is **GRANTED IN PART**. Plaintiff shall be allowed to enter the three facilities where he worked to photograph locations where he allegedly worked and equipment he allegedly reported. Plaintiff shall not be allowed to take video of or scan with 3D while he is inside the facilities. In addition, the parties shall meet and confer regarding "a reasonable time, place, and manner for the inspection[s]." *See* Fed. R. Civ. P. 34(b).

**IT IS SO ORDERED**.

Dated:  July 28, 2023

_____
Hon. Bernard G. Skomal
United States Magistrate Judge