# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JADIAN ALTEMUS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware limited liability company; DOES 1–25,<br><br>Defendants. | Case No.: 22-cv-1275-DMS-BGS<br><br>**ORDER**<br>(1) **GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO SEAL ATTACHMENTS TO MOTION FOR SUMMARY JUDGMENT (ECF NO. 43); AND**<br>(2) **DENYING MOTION TO SEAL ATTACHMENT TO RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 55)** |

Pending before the Court are Defendant's motions to seal certain exhibits and declarations attached to its motion for summary judgment and its opposition to Plaintiff's motion for partial summary judgment. (ECF No. 43; ECF No. 55.) For the reasons set forth below, the Court grants in part and denies in part Defendant's motion to seal attachments to its motion for summary judgment (ECF No. 43); and denies Defendant's motion to seal attachments to its response in opposition to Plaintiff's motion for partial summary judgment (ECF No. 55).

1

## I.     LEGAL STANDARD

Courts have long recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  The Ninth Circuit has held there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  "A party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  A court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096–97 (quoting *Kamakana*, 447 F.3d at 1179) (alteration in original).

The Ninth Circuit has carved out an exception to this rule "for sealed materials attached to a discovery motion unrelated to the merits of a case" to which "the less exacting 'good cause' standard" applies. *Id.* at 1097 (quoting *Foltz*, 331 F.3d at 1135); *see also* Fed. R. Civ. P. 26(c).  This exception does not apply here.  When a motion is "more than tangentially related to the merits of the case," the compelling reasons standard applies. *Id.* at 1102.  A motion for summary judgment is "more than tangentially related to the merits of the case"—it goes to the heart of the case. *Id.*  The Ninth Circuit therefore applies "the 'compelling reasons' standard to documents attached to a motion for summary judgment." *Id.* at 1098 (citing *Foltz*, 331 F.3d at 1135–36).

## II.    DISCUSSION

For the reasons set forth below, the Court grants Defendant's motion to seal attachments to its motion for summary judgment (ECF No. 43) with respect to Exhibit S to the Ing Declaration and Exhibit C to the Jones Declaration because they contain private health information.  The Court otherwise denies the motion.  And for reasons set forth below, the Court denies Defendant's motion to seal an attachment to its response in opposition to Plaintiff's motion for partial summary judgment (ECF No. 55).

A. **Defendant's First Motion (ECF No. 43)**

1. <u>Ing Declaration</u>

*Exhibit B.* The Court **denies** Defendant's motion to seal Exhibit B to the Ing Declaration, Amazon's Offer Letter to Plaintiff. Although courts generally find a compelling reason to seal "*non-party* personnel records given the reputational and privacy interests at stake," *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-CV-1305-BAS, 2023 WL 7029210, at *7 (S.D. Cal. Oct. 24, 2023) (citing *Amini v. Crestbrook Ins. Co.*, No. 2:21-CV-1377-LK, 2023 WL 2913751, at *1 (W.D. Wash. Apr. 12, 2023)) (emphasis added), Exhibit B is Plaintiff's record and Plaintiff is a party. Defendant cites *DiMercurio v. Equilon Enters., LLC* for the proposition that compelling reasons exist to justify sealing when the filing pertains to "[a]n employee's personnel records and employment information." No. 19-cv-4029-JSC, 2021 WL 3885973, at *12 (N.D. Cal. Aug. 30, 2021). However, *DiMercurio* provides no support to Defendant's argument here because *DiMercurio* concerned attachments to a motion for class certification and the court applied the less exacting "good cause" standard, not the "compelling reasons" standard. *Id.*

*Exhibits C–N, R, T–AA.* The Court **denies** Defendant's motion to seal Exhibits C–N, R, and T–AA. These exhibits consist of various electronic communications between Amazon and Plaintiff between August 2021 and March 2022 concerning Plaintiff's request for accommodation. Because these communications contain no confidential information that has not already been disclosed in the Parties' public filings, Defendant has not identified a compelling reason to justify sealing. *See Kamakana*, 447 F.3d at 1184 (finding no compelling reason to seal filings when they contain information that is "already publicly available").

*Exhibit O.* The Court **denies** Defendant's motion to seal Exhibit O, which consists of excerpts of Plaintiff's deposition testimony taken June 8, 2023. Defendant requests to seal more than half of the 294-page deposition transcript but articulates no compelling reason to justify the overly broad request. Such a broad request lacking a specific factual basis to justify sealing fails to satisfy the "compelling reasons" standard and "is

insufficiently tailored." *ImprimisRx*, 2023 WL 7029210, at *4.

*Exhibits P–Q.* The Court **denies** Defendant's motion to seal Exhibits P–Q, which consist of short excerpts of the depositions of Amazon employees Ann Jones and Kimberly McCown, respectively. The excerpts contain no confidential information not already disclosed in the Parties' public filings. *See Kamakana*, 447 F.3d at 1184.

*Exhibit S.* The Court **grants** Defendant's motion to seal Exhibit S, a medical report describing Plaintiff's knee injury and contains private health information. Courts in this District have held that the need to keep personal health information confidential outweighs the presumption in favor of public access. *See, e.g.*, *Stafford v. Rite Aid Corp.*, No. 17-CV-1340-AJB, 2019 WL 3818015, at *1 (S.D. Cal. Aug. 14, 2019).

### 2. Othon Declaration

The Court **denies** Defendant's motion to seal Exhibit A to the Othon Declaration. The Exhibit consists of an email Mr. Othon sent to Amazon human resources personnel concerning Plaintiff's request for accommodation. Because this communication contains no confidential information not already disclosed in the Parties' public filings, Defendant has not identified a compelling reason to justify sealing. *See Kamakana*, 447 F.3d at 1184.

### 3. Jones Declaration

*Exhibits A–B.* The Court **denies** Defendant's motion to seal Exhibits A and B to the Jones Declaration. The exhibits consist of electronic communications between Plaintiff and Ms. Ann Jones, a former accommodations consultant for Amazon, concerning Plaintiff's request for accommodation. Because these communications contain no confidential information not already disclosed in the Parties' public filings, Defendant has not identified a compelling reason to justify sealing. *See Kamakana*, 447 F.3d at 1184.

*Exhibit C.* The Court **grants** Defendant's motion to seal Exhibit C, an excerpt of a medical report describing Plaintiff's knee injury which contains private health information. *See Stafford*, 2019 WL 3818015, at *1.

### 4. Walker, Nagy, Kerchinske, and Pitera Declarations

The Court **denies** Defendant's motion to seal Exhibit B to the Walker, Nagy,

Kerchinske, and Pitera Declarations, and Exhibit C to the Walker, Nagy, Kerchinske Declarations. Exhibit B (to all of the above declarations) consists of records of applications Plaintiff submitted internally within Amazon for other open positions. Exhibit C (to the Walker, Nagy, and Kerchinske Declarations) is a copy of Plaintiff's resume which Plaintiff attached to those internal applications. Defendant articulates no specific compelling reason to justify sealing these exhibits other than its general argument that they reference Plaintiff's personnel records. As explained above, although courts consistently find a compelling reason to seal "*non-party* personnel records," *ImprimisRx*, 2023 WL 7029210, at *7, the exhibits here are Plaintiff's personnel records, and Plaintiff *is* a party here.

### B. Defendant's Second Motion (ECF No. 55)

The Court **denies** Defendant's motion to seal Exhibit A to the Ing Declaration attached to Defendant's Opposition to Plaintiff's motion for partial summary judgment. Exhibit A consists of short excerpts of the deposition of Amazon employee Diane Tirschel, Plaintiff's initial manager when Plaintiff commenced employment at Amazon. The excerpts contain no confidential information not already disclosed in the Parties' public filings. *See Kamakana*, 447 F.3d at 1184.

### III. CONCLUSION

For the reasons explained above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to seal attachments to its motion for summary judgment (ECF No. 43); and **DENIES** Defendant's motion to seal an attachment to its response in opposition to Plaintiff's motion for partial summary judgment (ECF No. 55). Specifically, the Court grants the motion to seal Exhibit C to the Jones Declaration and Exhibit S to the Ing Declaration. The Court accepts these attachments (ECF Nos. 44-18, 44-30) as filed. The Court denies the motions to seal all other attachments.

If Defendant wishes to file a renewed motion to seal for the denied requests, or a more tailored motion to seal portions of the remaining lodged sealed attachments along with partially redacted versions on the public docket, Defendant may do so no later than **March 15, 2024**. The Court otherwise instructs Defendant to file the remaining lodged

5

22-cv-1275-DMS-BGS

sealed attachments on the public docket no later than **March 15, 2024**.

**IT IS SO ORDERED.**

Dated: March 12, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court

6

22-cv-1275-DMS-BGS

sealed attachments on the public docket no later than **March 15, 2024**.

**IT IS SO ORDERED.**

Dated: March 12, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court